UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos.   3:08-CR-48 |
| | ) |             3:08-CR-65 |
| | ) |             3:08-CR-5014 |
| | ) | |
| SANTO HERNANDEZ-HERNANDEZ, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Defendant's Request Pursuant to Memorandum and Order [Case No. 3:08-CR-48, Doc. 502], filed on September 28, 2011, referred [Case No. 3:08-CR-48, Doc. 503] to the undersigned on October 13, 2011. See 28 U.S.C. § 636(b). Pursuant to the Court's instructions in the Memorandum and Order [Doc. 495], entered on September 7, 2011, the Defendant requests that the Court order the clerk's office to provide him with the specified documents, which he has attempted to designate based on docket entry number and document name.[1] Specifically, the Defendant requests the following nine items: 1) DE 229 Notice of No Objections; 2) DE 223 Notice of Expert Testimony; 3) DE 202 Plea Agreement of Santos Hernandez; 4) DE 182 Withdrawn Plea Agreement; 5) Pre Sentence Report and any amendments filed with the Court in

---

[1] While the Defendant designated a docket number and document name where possible, his request did not specify which of his cases the documents came from. After reviewing the docket sheets from the Defendant's three cases, the Court was able to determine which documents the Defendant requests. However, the Defendant's request failed to provide a specific statement of need for each of the documents requested, as he was previously instructed.

each of the Defendant's cases; 6) Sentencing Hearing Transcripts for Plea Hearing (request references Doc. 335); 7) Plea Hearing Transcripts for Plea Hearing of Defendant; 8) DE 11 Pro Se Motion to Reduce Sentence; and, 9) DE 14 Government Response to Pro Se Motion to Reduce Sentence.

By way of background, the Court notes that this Court found the Defendant to be indigent and appointed Attorney Douglas A. Trant to represent him in each of his three cases [Case No. 3:08-CR-48, Doc. 69; Case No. 3:08-CR-65, Doc. 3; and Case No. 3:08-CR-5014, Doc. 5]. The Defendant filed form applications indicating his indigence and unwillingness to pay, with attached letters addressed to the Clerk of Court requesting that he be provided with "all transcripts, filings and docket schedule from all hearings" in his cases, and those requests were referred to the undersigned on August 31, 2011. The Defendant attached financial affidavits to his requests at that time.

As stated in this Court's Memorandum and Order of September 7, 2011, even though this Court has previously found the Defendant to be indigent in each of the above-mentioned cases, the right to proceed *in forma pauperis* "does not include the right to obtain copies of court orders without payment therefor." Douglas v. Green, 327 F.2d 661, 662 (6th Cir. 1964) (per curiam) (citing 28 U.S.C. § 1915(a)). Relying upon Douglas, the District Court for the Middle District of Tennessee has denied an indigent party's request for a copy of a document free of charge "[a]bsent a specific showing of need," particularly when the document was filed by the requesting party. Bumpas v. Nixon, No. 3:08-0977, 2009 WL 3048562, *6 (M.D. Tenn. Sept. 17, 2009). Similarly, the Criminal Justice Act permits counsel "for a person who is financially unable to obtain investigative, expert or other services necessary for adequate representation" to request funding for such services in an *ex parte* application, but that person must show that "the services are necessary and that the person

2

is financially unable to obtain them[.]" 18 U.S.C. § 3006A(e).

In this case, the Defendant has indicated only that he requests his case materials to assist him in his immigration proceedings and does not instruct the Court as to the more narrow purpose for which he needs the documents. The Defendant gives no reason, much less a specific showing of need, regarding why he would require the entirety of the transcripts of his sentencing and plea hearings. The Court observes that at the time of the filing of his initial request for these documents, the Defendant's prison account had a total of $120.37 in it and that the current cost for obtaining copies of the record from the clerk's office is $00.50 per page. Nevertheless, the Defendant has provided no specific reason for the Court to provide him with the entirety of the transcripts from his sentencing and plea hearings at the Court's expense at this time. The Court denies the Defendant's request for the full length of the transcripts from his sentencing and plea hearings, and directs the Defendant to show good cause for why he requires the entirety of the transcripts, or to make a specific showing of need indicating which portions of the transcripts he truly requires.

In light of the Defendant's current indigent status and incarceration, the Court finds that the Defendant is currently unable to pay the cost of obtaining documents from the records of his cases and that he may obtain some of the documents he requests at this time. Due to the Defendant's indigence, the Court waives the $00.50 per page fee for the following documents: the Notice of No Objections to Presentence Investigation Report [Case No. 3:08-CR-48, Doc. 229], the Notice of Expert Testimony [Case No. 3:08-CR-48, Doc. 223], the Defendant's Sealed Plea Agreement [Case No. 3:08-CR-48, Doc. 202], the *Pro Se* Motion to Reduce Sentence [Case No. 3:08-CR-5014, Doc. 11], and the Government's Response to Defendant's Motion for a Sentence Reduction [Case No.

3:08-CR-5014, Doc. 14]. While the Court is generally not inclined to provide a party with copies of documents filed by the requesting party, the Court finds that the Defendant's incarceration and potential resulting inability to produce and retain copies of documents he generates distinguishes this case from some others in which the Court has denied such requests. However, the Court declines to provide the Defendant with the Presentence Reports he requests, as such reports are not a part of the record in his cases and thus may not be obtained by him. Additionally, the Court is unable to provide the Defendant with his Withdrawn Plea Agreement [Case No. 3:08-CR-48, Doc. 182], as it was replaced in the record with the Plea Agreement [Case No. 3:08-CR-48, Doc. 202] he entered into later and is receiving a copy of with this Order.

Accordingly, because the Court has determined that the Defendant may obtain some of the documents he requests at this time, the Defendant's Request Pursuant to Memorandum and Order **[3:08-CR-48, Doc. 502]** is **GRANTED in part, and DENIED in part**. The Defendant's request is **GRANTED** with respect to: the Notice of No Objections to Presentence Investigation Report [Case No. 3:08-CR-48, Doc. 229], the Notice of Expert Testimony [Case No. 3:08-CR-48, Doc. 223], the Defendant's Sealed Plea Agreement [Case No. 3:08-CR-48, Doc. 202], the *Pro Se* Motion to Reduce Sentence [Case No. 3:08-CR-5014, Doc. 11], and the Government's Response to Defendant's Motion for a Sentence Reduction [Case No. 3:08-CR-5014, Doc. 14]. The Clerk of Court is **DIRECTED** to mail a copy of each of those documents to the Defendant with this Order. With regard to the Presentence Reports and his Withdrawn Plea Agreement [Case No. 3:08-CR-48, Doc. 182], the Defendant's request is **DENIED**. As to the plea and sentencing hearing transcripts

4

the Defendant requests, the Court finds that he has not made a specific showing of need for why he requires the entirety of each of the transcripts and that his request is thus premature at this time. As such, his request with regard to transcripts is **DENIED without prejudice**.

    **IT IS SO ORDERED.**

    ENTER:

    <u>s/ C. Clifford Shirley, Jr.</u>
    United States Magistrate Judge